Filed 4/12/21  P. v. Urias CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. CARLOS LOPEZ URIAS, Defendant and Appellant. | F080806 (Super. Ct. No. MCR065187) **OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Madera County.  Ernest J. LiCalsi, Judge.

Carla J. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

Appellant Carlos Lopez Urias was charged with one count of murder and faced a possible sentence of 56 years to life.  Two weeks after the complaint was filed, Urias

---

[*] Before Franson, Acting P.J., Smith, J. and Snauffer, J.

expressed a desire to plead guilty to the charge and admit all special allegations in exchange for the maximum possible sentence. The court accepted his plea and at the sentencing hearing imposed a 56-years-to-life term.

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On December 31, 2019, the Madera County District Attorney filed a felony complaint against Urias, charging him with one count of murder (Pen. Code, § 187, subd. (a)).[1] It was further alleged he personally used a deadly weapon (a knife) during the commission of the offense (§ 12022, subd. (b)(1)), had suffered a prior strike conviction (§ 667, subds. (b)—(i)), and had suffered a prior serious felony conviction (§ 667, subd. (a)(1)).

At a January 13, 2020, hearing, Urias's counsel informed the court that Urias wished to "exercise his right to get it over with" by pleading guilty to the murder charge and admitting the special allegations in exchange for the maximum possible sentence of 56 years to life. Urias confirmed this is what he wanted to do. His counsel told the court that he explained to Urias he would very likely die in prison, and that he did not think there was anything mentally wrong with Urias.

Urias pled guilty that day to the murder charge and admitted the special allegations. He signed a plea form that included a waiver of his statutory and constitutional rights and also made an oral waiver of rights on the record. The parties stipulated as a factual basis for the plea that on December 23, 2019, Urias stabbed the victim three times in the neck and did so after contemplating stabbing her approximately two hours prior. Urias acknowledged he could be—and likely would be—sentenced to 56 years to life and be required to pay various fines and fees. He further stated that he understood the possible consequences of his plea and that he had enough time to consult

_____

[1] Undesignated statutory references are to the Penal Code.

with his attorney about his case.  The court accepted his plea and admissions as freely, voluntarily, and understandingly made.

On February 10, 2020, the court imposed the 56-years-to-life term, composed of an indeterminate sentence of 50 years to life on count one, and a determinate sentence composed of a one-year consecutive enhancement pursuant to section 12022, subdivision (b)(1), and a five-year consecutive enhancement pursuant to section 667, subdivision (a)(1).  The court stated it would not exercise its discretion to strike the enhancements even if it had the discretion to do so because of Urias's extensive criminal history.  The court also imposed various fines and fees and awarded 46 days of actual custody credit.

Urias's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently.  (*People v. Wende* (1979) 25 Cal.3d 436.)  The opening brief also includes the declaration of appellate counsel indicating Urias was advised he could file his own brief with this court.  By letter on June 5, 2020, we invited Urias to submit additional briefing.  To date, he has not done so.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to Urias.  In particular, we see no evidence to suggest his plea was not entered knowingly, intelligently, and voluntarily.

## DISPOSITION

The judgment is affirmed.